UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIANA POWELL, ) | |
| ) | Case No. 1:22-cv-05389 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| U.S. BANK, NATIONAL ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Christiana Powell, brings this lawsuit against defendant U.S. Bank, National Association ("U.S. Bank"), regarding the state court foreclosure of her property. Powell claims U.S. Bank committed wrongful foreclosure, fraudulently misrepresented information to the state court, and engaged in deceptive business practices. Before the Court is U.S. Bank's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants U.S. Bank's Motion [8].

**Background**

U.S. Bank sued Powell for foreclosure of her property located at 6141 South Greenwood, Chicago, Illinois, 60637. The mortgage loan for this property was insured by the Federal Housing Administration ("FHA"). FHA-insured loans must comply with the Department of Housing and Urban Development's ("HUD") requirements and regulations.

U.S. Bank brought the foreclosure action in Illinois state court. The state court granted summary judgment against Powell, and issued a judgment of foreclosure and an order approving the foreclosure sale. Powell appealed this ruling, but the state court dismissed it.

**Legal Standard**

A court must dismiss any action over which it lacks subject matter jurisdiction. On a motion to dismiss for lack of subject matter jurisdiction, "the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000); *see also Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).[1] The Court must address whether subject matter jurisdiction exists before it can assess the merits of a case. *See All. for Water Efficiency v. Fryer*, 892 F.3d 280, 287 (7th Cir. 2018).

**Discussion**

Powell contends U.S. Bank (or a U.S. Bank Agent) (1) violated HUD regulations and committed wrongful foreclosure; (2) fraudulently misrepresented to the state court that they had no duty to follow HUD's pre-foreclosure guidelines; and (3) engaged in deceptive business practices by foreclosing a property upon which they lacked the legal right to foreclose. U.S. Bank moves to dismiss Powell's Complaint, arguing that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, that the action is barred under res judicata, and that Powell has failed to state a claim.[2]

Before discussing the substance of U.S. Bank's Motion, the Court considers a preliminary issue: Powell's failure to respond to U.S. Bank's Motion. Powell filed her Complaint on September 30, 2022 and U.S. Bank filed its Motion to Dismiss on November 23, 2022. On November 28, 2022, the Court ordered Powell to file a response by December 27, 2022. Powell did not file a

---

[1] The Court thus considers documents outside the complaint, like the state court foreclosure documents, to assess whether it has subject matter jurisdiction over the matter.

[2] U.S. Bank also argues for dismissal because Powell's complaint improperly names U.S. Bank in its individual capacity rather than its capacity as a trustee. Because the Court finds it does not have subject matter jurisdiction over the claims at issue even if the proper defendant was sued, the Court does not further engage with this argument.

response to U.S. Bank's Motion, nor has Powell filed any motion seeking an extension of time to file a response.

The Court should not dismiss a case solely because a plaintiff does not respond. *See, e.g., Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021). Rather, the Court should still determine whether a defendant is entitled to relief. *See, e.g., Banks v. LoanCare LLC*, No. 18 C 03358, 2021 WL 4192067, at *2 (N.D. Ill. Sept. 15, 2021) (Tharp, J). While this principle is oft applied to 12(b)(6) motions, the Court finds it relevant for a 12(b)(1) motion, especially as the Court has an "independent obligation to determine" whether it has subject matter jurisdiction over a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Thus, the Court evaluates whether it has subject matter jurisdiction over Powell's case but finds Powell has forfeited her ability to reply by failing to respond by the deadline and never asking for an extension.

The Court now turns to whether it has subject matter jurisdiction over the case. U.S. Bank argues the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, which ensures that "lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (internal citations omitted).

The Court finds that Powell's claims are barred by the *Rooker-Feldman* doctrine. The state court made a final judgment when it granted summary judgment against Powell, issued a judgment of foreclosure, and issued an order approving the foreclosure sale. Now, Powell comes before this Court, ostensibly seeking review of that state court judgment. For instance, Powell's wrongful foreclosure claim is clearly premised on the state court's foreclosure judgment.[3] Indeed, "a district

---

[3] The Court questions whether "wrongful foreclosure" is even a cause of action. Indeed, U.S. Bank argues that Powell's Complaint must be dismissed because "there is no authority supporting the proposition that a claimed 'wrongful foreclosure' gives rise to a separate cause of action under Illinois law." *Kloak v. Hayes*, No. 21 C 5575, 2022 WL 79869, at *3 (N.D. Ill. Jan. 8, 2022) (Kennelly, J.).

3

court cannot vacate the foreclosure judgment, and the [plaintiff's] request for relief is putting this Court in a position of appellate review, which *Rooker-Feldman* prohibits." *Adler v. Bayview Loan Serv., LLC*, 17-c-6735, 2018 WL 4466394, at *4 (N.D. Ill. Sept. 18, 2018) (Kocoras, J.).

Furthermore, the *Rooker-Feldman* doctrine bars Powell's claims because the state court's final judgment and Powell's claims are inextricably intertwined. *See Long,* 182 F.3d at 554. Whether claims are inextricably intertwined "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 738, 742 (7th Cir. 2016). If the state court decision and the federal claims are found to be inextricably intertwined, the court determines whether the plaintiff had a reasonable opportunity to raise their claims in state court; if the answer is yes, the *Rooker-Feldman* doctrine applies. *See Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012).

A similar case to Powell's, and which even involved the same plaintiff's counsel, gives some guidance. *Frances v. Fed. Nat. Mortg. Ass'n*, No. 14 C 00288, 2014 WL 2109892, at *1 (N.D. Ill. May 20, 2014) (Tharp, J). In *Frances*, defendant sued plaintiff at the state court level for foreclosure of her property, and the state court granted summary judgment against plaintiff, and entered a judgment of foreclosure and sale. *Id.* Like Powell, plaintiff then filed her suit in federal court, claiming wrongful foreclosure, fraudulent misrepresentation, and deceptive business practices. *Id.* The district court granted defendant's motion to dismiss because "[a]ll of her claimed damages flow from entry of the foreclosure judgment; [plaintiff] alleges no injury that is independent of the operation of the judgment of foreclosure." *Id.* The same logic applies here. Furthermore, there is no indication Powell, who pursued appeals in state court, could not have previously raised these arguments. The Court finds it lacks subject matter jurisdiction to consider any of Powell's claims.

4

**Conclusion**

Because this Court lacks subject matter jurisdiction, the Court need not address U.S. Bank's remaining arguments. *See id.* at *2 (discussing that *res judicata* need not be reached when *Rooker-Feldman* applies to claims.). For the foregoing reasons, the Court grants U.S. Bank's Motion to Dismiss and dismisses Powell's Complaint in its entirety without prejudice [8]. Powell has 30 days to amend her pleading in accordance with this opinion, after which the case will be dismissed with prejudice.

IT IS SO ORDERED.

Date: 7/7/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge